**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| RAUL SOLORIO,<br><br>　　　　　　　　　Plaintiff,<br>　vs.<br>MICHAEL J. ASTRUE, Commissioner of Social Security,<br><br>　　　　　　　　　Defendant. | **CASE NO. 07-CV-00508-H (POR)**<br><br>**ORDER GRANTING MOTION TO DISMISS WITHOUT PREJUDICE** |

On October 29, 2008, Defendant filed a motion to dismiss Plaintiff's complaint for failure to properly serve the complaint and summons on the Defendant. (Doc. No. 18.) The Court issued a scheduling order on October 30, 2008, whereby Plaintiff was to file a response in opposition on or before November 14, 2008 and Defendant was to file any reply on or before November 20, 2008. (Doc. No. 19.) Plaintiff did not file a response in opposition. The Court submitted the motion on the papers pursuant to its discretion under Local Rule 7.1(d)(1) on November 24, 2008. (Doc. No. 20.)

### **Background**

On March 20, 2007, plaintiff Raul Solorio ("Plaintiff") filed this action for judicial review of a final decision of the Commissioner of Social Security ("Defendant") denying Plaintiff's application for disability insurance benefits. (Doc. No. 1.) On November 28, 2007, the Court ordered Plaintiff to show cause why the case should not be dismissed under Federal

1  Rule of Civil Procedure 4(m) for failure to serve.  (Doc. No. 6.)  On January 22, 2008, the
2  Court dismissed the case, having received no response from Plaintiff.  (Doc. No. 7.)  Plaintiff
3  moved to set aside the dismissal on June 26, 2008.  (Doc. No. 10.)  On July 10, 2008, the Court
4  granted Plaintiff's motion.  (Doc. No. 11.)  In that order, the Court ordered Plaintiff to effect
5  service within 30 days.  (Id.)  On August 21, 2008, the Court again ordered Plaintiff to show
6  cause why it should not dismiss the case for failure to effect service and comply with the
7  Court's orders.  (Doc. No. 13.)  In that order, the Court ordered Plaintiff to file a response on
8  or before September 22, 2008.  (Id.)  On September 7, 2008, Plaintiff submitted a declaration
9  accompanied by a return of service averring that service was accomplished on June 24, 2008.
10 (Doc. No. 14, Skidmore Decl. ¶ 3.)  On that basis, the Court issued a scheduling order for the
11 parties' cross motions for summary judgment.  (Doc. No. 15.)  In response to notice of that
12 scheduling order, the Defendant filed a motion to dismiss the complaint claiming that Plaintiff
13 has never properly served the summons and complaint.  (Doc. No. 18.)

**Discussion**

15 The Court lacks jurisdiction over Defendants who have not been properly served in
16 accordance with Federal Rule of Civil Procedure 4. S.E. C. v. Ross, 504 F.3d 1130, 1138 (9th
17 Cir.2007) (citations omitted).  Under Federal Rule of Civil Procedure 4(i)(1)(A)–(B), a
18 plaintiff serving the United States and its agencies, corporations, officers, or employees, must
19 "deliver a copy of the summons and of the complaint to the United States attorney for the
20 district where the action is brought–or to an assistant United States attorney or clerical
21 employee whom the United States attorney designates" and must "send a copy of each by
22 registered or certified mail to the Attorney General of the United States at Washington, D.C."
23 When service of process is properly challenged, the party on whose behalf service was made,
24 the plaintiff, has the burden to establish its validity. Aetna Business Credit, Inc. v. Universal
25 Decor & Interior Design, Inc., 635 F.2d 434, 435 (5th Cir.1981). Return of service is prima
26 facie evidence of how service was effectuated. O'Brien v. R .J. O'Brien & Assocs., Inc., 998
27 F.2d 1394, 1398 (7th Cir.1993).  If it appears that effective service can be made and there has
28 been no prejudice to the defendant, the court will quash service rather than dismiss the action.

1   Umbenhauer v. Woog, 969 F.2d 25, 31 (3rd Cir.1992).

2   Defendant attacks Plaintiff's service of process on the grounds that it never received any service of a summons or complaint in this matter. (Doc. No. 18 at p.1.) Plaintiff submitted a copy of a return of service form and copies of certified mail return receipts in connection with a previously filed declaration in response to an order to show cause. (Doc. No. 14.) Defendant attacks Plaintiff's return of service form filled out by a process service, purporting to have personally served a "Receptionist" at 880 Front Street, San Diego, CA 92101, as not being signed by an individual designated to accept service on the United States Attorney. (Id. at p.3; Doc. No. 18 at p.2.) Plaintiff submitted the return receipts to offer proof that he sent by certified mail the summons and complaint to the Attorney General in Washington, D.C. and to the Commissioner of Social Security in Baltimore, M.D. (Doc. No. 14 at p.2.) Defendant argues that Plaintiff fails to make clear what exactly he purportedly served on the Attorney General and the Commissioner of Social Security. (Doc. No. 18 at p.2.) Additionally, Defendant avers that neither the United States Attorney in the Southern District of California nor the Attorney General's office have any record of receiving Plaintiff's summons and complaint. (Doc. No. 18 at p.2, Wiggins Decl. ¶¶4–5.)

Plaintiff fails to establish the validity of his service on the United States Attorney or the Attorney General. Defendant challenges Plaintiff's service of process, and in response, Plaintiff has filed no opposition to Defendant's motion. Although Plaintiff's return of service and certified mail receipts may provide prima facie evidence of how service was made, they do not overcome Defendant's challenges to the insufficiency of service. Thus, Plaintiff has failed to meet his burden. Therefore, the Court grants without prejudice Defendant's motion to dismiss the complaint for insufficient service of process.

## **Conclusion**

Based on the reasons set forth above, the Court GRANTS Defendant's motion to dismiss the complaint for insufficient service of process and terminates the action without prejudice. The Court GRANTS Plaintiff a final extension of thirty (30) days to properly serve Defendant. Plaintiff shall serve Defendant in accordance with the Federal Rules of Civil

1  Procedure within 30 days from the date of this order and file a proof of service with this Court
2  on or before January 5, 2009.
3  IT IS SO ORDERED.
4  DATED: December 5, 2008

_____
MARILYN L. HUFF, District Judge
UNITED STATES DISTRICT COURT

COPIES TO:
All parties of record.